IDA DION v. JOSEPH C. DION.[1]

June 3, 1904.

Nos. 13,820—(123).

**Divorce.**

A sentence to imprisonment in the state reformatory does not present a ground for a divorce from the bonds of matrimony, under section 4790, G. S. 1894.

Action in the district court for St. Louis county for an absolute divorce on the ground that defendant had been sentenced to imprisonment in the state reformatory. From an order, Cant, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Austin N. McGindley,* for appellant.

*Frank L. Randall,* for respondent.

DOUGLAS, J.

This record presents the single question whether the sentence of defendant for an indefinite period of imprisonment in the state reform-

[1] Reported in 100 N. W. 4, 1101.

atory at St. Cloud constitutes a ground for divorce from the bonds of matrimony existing between himself and plaintiff. .The trial court decided in favor of defendant, and, from an order sustaining his demurrer, plaintiff appeals.

Section 4790, G. S. 1894, reads:

> A divorce from the bonds of matrimony may be adjudged and decreed * * * for either of the following causes: * * * Fourth. When either party, subsequent to the marriage, has been sentenced to imprisonment in the state prison.

The enactments of the legislature declaratory of the policy of the state upon the subject of divorce have been repeatedly amended since the creation of the state reformatory. It would be a strained construction indeed to hold that the legislature, in providing that a sentence to a term of imprisonment in the state prison should constitute a cause for divorce, intended to refer to another well-known penal institution. We could with equal propriety say that the term "state prison," used in this class of statutes, means a county jail. An issue calling for such a construction is likely to arise, as sentences to imprisonment in either the state prison or a county jail upon conviction of certain felonies are authorized and common.

Again, a general classification of criminals sentenced to the reformatory has been made by the legislature. The court is authorized to sentence to this institution only those between sixteen and thirty years of age, but is not compelled to do so. It may, in its discretion, impose a state's prison sentence upon this class, but no person above thirty years of age may be sentenced to the reformatory. Presumably the legislature had in mind the classification indicated.

Order affirmed.

October 14, 1904, the following opinion was filed:

**PER CURIAM.**

On application· for reargument it is urged that the commission of a felony by respondent and his confinement in the state reformatory amounts on his part to acts of cruel and inhuman treatment of his wife within the meaning of our divorce enactments. We cannot adopt this view. Clearly, neither the involuntary submission to a sentence of the

court by a party convicted of a crime or the act of committing such crime, when it does not directly involve his wife, can be treated as a cruel or inhuman act on his part toward her.

Application denied.